UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS,<br><br>*Plaintiff*,<br><br>v.<br><br>BR RCP ONE PACIFIC PLACE, LLC;<br>and R. A. POPP ENTERPRISES, INC.,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Melanie Davis, by and through the undersigned counsel, brings this action against BR RCP One Pacific Place, LLC, a Delaware limited liability company, and R. A. Popp Enterprises, Inc., a Nebraska business corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and allege as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers in the restaurant known as "Wheatfields", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "Wheatfields", located at 10317 Pacific Street, Omaha NE 68114.

3. Defendants' failure to provide equal access to "Wheatfields" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Melanie Davis is a resident of Omaha, Nebraska. Plaintiff Davis grew up in Omaha, Nebraska and lived there until she moved to Minnesota in 2005.

While living in Minnesota, she visited Omaha many times, including five visits in 2016-2017. She recently moved back to Omaha, where she now resides.

9. Plaintiff Melanie Davis suffers from, and all times relevant hereto has suffered from, Cerebral Palsy, a condition that substantially limits her ability to walk and stand, and is therefore a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*, and under the MHRA. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant BR RCP One Pacific Place, LLC, a Delaware limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the restaurant known as "Wheatfields", a place of public accommodation within the meaning of the ADA, located at the street address of 10317 Pacific Street, Omaha NE 68114.

11. Defendant R. A. Popp Enterprises, Inc., a Nebraska business corporation, is the operator and lessee of the real property and improvements which are the subject of this action, the restaurant known as "Wheatfields", a place of public accommodation within the meaning of the ADA, located at the street address of 10317 Pacific Street, Omaha NE 68114.

**FACTUAL BACKGROUND**

12. On February 13, 2017, and again on May 23, 2017 Plaintiff Davis attempted to patronize the restaurant known as "Wheatfields" in Omaha, Nebraska. Plaintiff was in Omaha with her boyfriend, who also uses a wheelchair for mobility.

13. Upon arrival, Plaintiff found approximately 492 parking spaces in the parking lot serving the One Pacific Place shopping center, where "Wheatfields" was a tenant business.

14. The One Pacific Place property covered approximately 10 acres.

15. Plaintiff found 12 accessible parking spaces in distant parts of the One Pacific Place customer parking lot.

16. Plaintiff found 13 other reserved parking spaces located closer to the part of the building occupied by "Wheatfields", but these parking spaces were not reserved through posted signage.

17. Plaintiff found that the tables were placed too closely to allow a wheelchair user to access

18. Photographs in Exhibit A to this Complaint depict the 4 parking spaces in One Pacific Place closest to the "Wheatfields" tenancy.

19. Inside "Wheatfields", Plaintiff could not use the customer restroom, as there were no wheelchair accessible toilet stalls.

20. The door opened inward to the toilet stall, and the toilet stall lacked space for a safe transfer between the wheelchair and the toilet.

21. Photographs in Exhibit B to this Complaint depict the "Wheatfields" customer restroom.

22. Upon information and belief, the men's restroom had similar barriers to accessibility.

23. The tables and chairs in "Wheatfields" were packed together, especially during busy times, preventing Plaintiff from being able to comfortably sit at a table in her wheelchair.

24. In light of the architectural barriers at "Wheatfields", Plaintiff Davis is deterred from visiting "Wheatfields" in the future. Plaintiff Davis intends to return to "Wheatfields" to patronize the facility, but these architectural barriers deter her from doing so. She plans to return and patronize "Wheatfields" on her next trip to Omaha after she learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

25. Plaintiff Davis used to travel to Omaha approximately once a year. She visited Omaha once between her February 13, 2017 visit and moving back to Omaha in May 2017. She plans to continue traveling throughout the Omaha area in the future and would enjoy being able to patronize Defendants' restaurant.

26. Plaintiff Davis attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Davis cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

27. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against indi-

      viduals with disabilities continues to be a serious and pervasive social problem;

  c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

  d. Individuals with disabilities continually encounter various forms of discrimination; and

  e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

  28. Congress explicitly stated that the purpose of the ADA was to:

  a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

  b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

29. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

30. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

31. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

32. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

33. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

34. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

35. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

36. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

37. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

38. Defendants have discriminated against Plaintiff on the basis of her disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Wheatfields". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Wheatfields" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The One Pacific Place shopping center, which contained the tenancy occupied by "Wheatfields", among many other businesses, occupied a 10-acre space and had approximately 492 total parking spaces and 12 accessible parking spaces reserved through posted signage, but no reserved parking spaces near the tenancy occupied by "Wheatfields" were reserved through posted signage, in violation of ADAAG 216.5, 502.6, and 208.3.1. Plaintiff

uses a wheelchair for mobility and needs to use a parking space that has an adjacent access aisle. Failure to mark an accessible parking space with posted signage creates the risk of someone inadvertently parking in the space and hampers the ability of law enforcement to enforce parking rules results in Plaintiff not being able to access businesses location in or near areas of the parking lot that do not include accessible parking spaces.

b. The "Wheatfields" women's customer restroom had no stalls with dimensions meeting the standards for wheelchair accessibility, in violation of ADAAG 213, 604.8.1, and 604.8.1.1. Plaintiff cannot use a toilet stall unless it has sufficient space to make a safe transfer between her wheelchair and the toilet.

c. The door of the "Wheatfields" women's customer restroom toilet stall opened into the clear floor space of the toilet stall, in violation of ADAAG 604.8.1.2. Plaintiff cannot use a toilet stall in privacy unless the door does not swing into the space intended to be occupied by the wheelchair or the person in the stall.

d. Upon information and belief, both the men's restroom also had the above accessibility barriers.

e. Upon information and belief, fewer than 5 percent of the seating and standing spaces in "Wheatfields" were on an accessible route and complied with ADAAG 902, in violation of ADAAG 226. Plaintiff requires sufficient clear floor space to use a dining surface.

39. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Wheatfields". To qualify as an accessible parking space, it must be located on the shortest accessible route,

marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

40. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Wheatfields" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

41. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

42. Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

43. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

44. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to independently access "Wheatfields" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her rights under the ADA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101** *et seq.*

45. Plaintiff incorporates and realleges the above paragraphs.

46. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

47. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

48. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Davis has been denied full and equal access to "Wheatfields" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

49. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

50. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

51. Plaintiff Davis plans to visit "Wheatfields" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "Wheatfields" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

52. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Wheatfields" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Wheatfields" until such time as Defendants cure the access barriers.

53. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

   a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: June 1, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd Suite #100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805